## COUNTY OF FAYETTE v. GEORGE LAING.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE
COUNTY.

Argued May 15, 1889—Decided May 27, 1889.

(a) A contract, whereby plaintiffs covenanted to erect County Home buildings for a stipulated sum, provided for authorized changes to be made in the work and materials when necessary, and for a reference of any disagreements between the parties to the conclusive decision of the architect.

(b) The plaintiffs claimed completion of the building according to the contract, and the county claimed deductions for deficiencies in work and materials, but no reference of the matters in dispute was ever made to the decision of the architect.

(c) The plaintiffs brought suit to recover the balance claimed, and on the trial the judge submitted the question of fact to the jury, instructing that the duty to refer disputes to the architect for settlement was mutual, and defendant could not take advantage of its own neglect.

1. On error, it was held that there was no such error apparent in the record as would justify a reversal of the judgment for the plaintiffs; that, while the architect had made no formal award, he had practically settled the matters in dispute, and as he was now dead it would do no practical good to reverse because no such formal award had been made.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 415 January Term 1889, Sup. Ct.; court below, No. 82 March Term 1885, C. P.

On December 29, 1884, W. F. Patterson and John M. Kuhn, partners under the firm name of Patterson & Kuhn, brought covenant against the county of Fayette, to recover a balance claimed upon a contract entered into by them for the erection of County Home buildings. The defendant pleaded, covenants performed absque hoc. On June 11, 1886, George Laing, assignee of the plaintiff firm for the benefit of creditors, was substituted as plaintiff upon the record.

At the trial on February 25, 1889, before HAZEN, P. J., 17th district, holding special term, it was made to appear that on

June 14, 1883, Patterson & Kuhn entered into a written agreement with the county commissioners whereby they agreed to build the County Home buildings according to printed specifications and conditions which were made a part of the contract, for the sum of $90,000.  The contract provided that necessary changes could be made in the work and materials, and that the amount to be added or deducted from the contract price, on account of authorized changes, was to be determined by the architect, and that any disagreements or differences between the contracting parties should be referred to and decided by the architect, whose decision should be final and conclusive upon the parties.  Patterson & Kuhn claimed complete performance of the contract and the right to recover a balance of $8,500 ; the commissioners claimed that the work and materials were not in accordance with the contract ; but neither of the contracting parties had offered to refer the disputed matters to the decision of the architect.  The architect was dead at the time of the trial, but it was shown that before his death he had given to Patterson & Kuhn the following certificate :

"UNIONTOWN, December 12, 1884.

"Commissioners of Fayette County, Pa.

DEAR SIRS: Messrs. Patterson & Kuhn having substantially completed the erection of new county home building, but the building not being formally accepted by the Board of Commissioners, I respectfully recommend the payment of three thousand five hundred dollars, being a purpart of last payment of twelve thousand dollars.        J. W. DRUM,
                                                Architect."

The court submitted to the jury all the questions of fact arising, and instructed as to certain positions taken by the defendant as follows :

The defendant has asked the court to instruct you upon the following points.

1. That under all the evidence the plaintiff is not entitled to recover.

Answer : This is not affirmed.[1]

4. If the jury find from the testimony that the architect was to be the final arbiter of any dispute under the contract, and that the amount claimed in this suit or any part thereof was in dispute and no effort was made by the said Patterson & Kuhn

to refer the same to the said architect, nor was such reference made, the plaintiff is not entitled to recover.

Answer : This is not affirmed as a whole. The duty to refer disputes to the architect under this contract being mutual, defendant cannot take advantage of its own neglect of a mutual duty to the detriment of its adversary. And further, it is a question for the jury, from all the proofs in the case, to determine whether or not the architect did not find and certify as a fact that there had been a substantial compliance with and completion of the contract by the contractors.[2]

The jury returned a verdict for the plaintiff for $4,990. Judgment having been entered, the defendant took this writ, assigning as error, inter alia :

1, 2. The answers to the defendants points.[1] [2]

*Mr. W. G. Guiler* (with him *Mr. A. D. Boyd*), for the plaintiff in error.

*Mr. R. H. Lindsey*, for the defendant in error.

PER CURIAM :

An examination of the numerous specifications discloses no such error as would justify us in reversing this judgment. The objection that there was no formal submission of the subjects of dispute to the architect, loses much of its force in view of the fact that, although he made no formal award, yet he practically settled them. As the architect is now dead it would do no practical good to reverse the case upon such a question as this. It was a case for the jury and we see no reason why the judgment should not stand.

Judgment affirmed.